B. J. Word and P. S. Hale, both of Meridian, for appellants.

Alvin M. Owsley, Asst. Atty. Gen., for the State.

MORROW, J. The appellants were convicted of assault. From the standpoint of the state, the evidence disclosed that the alleged injured party was engaged in working upon a public road, and that the appellants ordered him to desist, and threatened to injure him if he failed, and that at the time one of them had in his possession a large rock, and the other had a stick. While only a few steps from the injured party, they approached him, with a rock and stick drawn in a striking attitude, and using threatening language, in consequence of which the alleged injured party did desist from the work he was doing.

The record suggests no question for review save the sufficiency of the evidence, and this, we think, must be determined against the appellants. The statute (article 1008, Penal Code) says:

"Any attempt to commit a battery, or any threatening gesture showing, in itself or by words accompanying it, an immediate intention, coupled with ability to commit a battery, is an assault."

The evidence shows an offense under this statute. See Higginbotham v. State, 23 Tex. 574; Johnson v. State, 14 Tex. App. 306; McKay v. State, 44 Tex. 48; Bodeman v. State, 40 S. W. 981; Brister v. State, 40 Tex. Cr. R. 505, 51 S. W. 393; Yawn v. State, 37 Tex. Cr. R. 205, 38 S. W. 785, 39 S. W. 105.

The judgment is affirmed.

---

(86 Tex. Cr. R. 291)

HAVERBEKKEN et al. v. STATE.
(No. 5568.)

(Court of Criminal Appeals of Texas. Nov. 26, 1919.)

Appeal from Bosque County Court; W. A. York, Judge.

Criss and Martin Haverbekken were convicted of assault, and they appeal. Affirmed.

B. J. Word and P. S. Hale, both of Meridian, for appellants.

Alvin M. Owsley, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellants were convicted of assault and allotted a fine of $15 each.

It is deemed unnecessary to discuss this case. It is a companion case to that between the same parties, recently decided by this court. 216 S. W. 397. The questions are the same. Upon the authority of that case, this judgment will be affirmed.

---

McGREGOR & HENGER v. ESCAJEDA et al. (No. 1013.)

(Court of Civil Appeals of Texas. El Paso. Nov. 20, 1919.)

1. CONTRACTS ⊚⟞147(1)—PARTIES' INTENTION CONTROLS CONSTRUCTION.

In construing a contract, the expressed intention of the parties must control.

2. PRINCIPAL AND SURETY ⊚⟞59—SURETY'S LIABILITY NOT TO BE EXTENDED BY IMPLICATION.

Surety's liability is not to be extended by implication beyond the terms of his contract.

3. PRINCIPAL AND SURETY ⊚⟞82(2)—SURETY'S LIABILITY ON BUILDING SUBCONTRACTOR'S BOND.

Where a contractor agreed to pay a subcontractor certain specified prices for building work by providing funds necessary to meet the subcontractor's weekly pay roll with final payment of the balance within 30 days after acceptance of the work, etc., and the subcontractor duly completed his contract but the weekly advancements exceeded the total sum due, *held*, that the contractor could not recover such excess from the subcontractor's sureties on a bond guaranteeing the subcontractor's faithful completion of his contract, since to do so would extend the sureties' liability beyond the terms of their bond.

Appeal from El Paso County Court at Law; W. P. Brady, Judge.

Action by McGregor & Henger against J. A. Escajeda and another. Judgment for defendants, and plaintiffs appeal. Affirmed.

Jackson & Isaacs, of El Paso, for appellants. C. L. Vowell, of El Paso, for appellees.

HIGGINS, J. Appellants had contracted to erect a building for the Young Women's Christian Association in the city of El Paso. By written contract dated August 20, 1917, appellants subcontracted a part of the work to S. C. Maese. The material portions of this contract pertinent to this appeal are as follows:

Maese agreed to furnish all labor and lay the brick and hollow clay tile in the building.

"Section 4. The contractor agrees to pay the subcontractor for the performance of his work the following prices:

"Face brick, $13.00 per thousand brick laid in the wall.

"Common brick $7.00 per thousand brick laid in the wall.

"8" hollow tile, 4 cents per square foot of wall.

⊚⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"3" hollow tile, 3 cents per square foot of wall.

"Settlement to be based on the actual quantities of brick and tile laid as evidenced by the invoices ·to the contractor. * * *

"Section 6. Payments: Contractor agrees to provide funds to meet subcontractors payroll each week. Final payment of the remainder to be made within thirty days after acceptance of the work by the architect, and the furnishing of evidence that there are no claims of any kind against him by the subcontractor.

"Section 7. Immediately after signing subcontractor agrees to furnish bond in the sum of $900.00 guaranteeing the faithful execution and completion of this contract."

Maese gave bond as required by section 7 of the contract with J. A. Escajeda and Frank Alderete, appellees, as sureties. This bond recited that Maese had entered into the aforesaid contract,·with appellants, a copy of which was attached, and was conditioned that Maese should faithfully perform, execute, and carry out his contract according to its terms, covenants, and conditions and in accordance with the agreements therein contained.

Maese furnished all labor and set in place the brick and tile work in ·the building, and, under the schedule of prices set forth in the fourth section of the contract, the compensation due him for his work was $1,655.33. Maese's pay rolls, as presented by him, for ·his laborers employed in doing the work, amounted to $2,088.20. Appellants provided funds ·each week to meet the pay rolls for laborers employed on the, work, and in the aggregate thus paid the sum of $2,088.20, which exceeded the amount rightly due Maese by $432.87. The pay rolls were checked up by appellants' foreman. This suit was brought by appellants against Escajeda and Alderete to recover said sum of $432.87. Mease was not joined in the suit, it being alleged that he was notoriously insolvent and his whereabouts unknown.

From an adverse judgment McGregor & Henger appeal.

### Opinion.

[1, 2] Upon the facts stated it appears that Maese has fully performed the service which he undertook to do in his subcontract. He has discharged every obligation which he therein expressly assumed. In like manner appellants did what they agreed to do. The payments to meet the weekly pay rolls of Maese were made in accordance with the contract. The first and main rule in construing contracts is that the intention of the parties as expressed in the words used must control. And it is well settled that the liability of a surety is not to be extended by implication beyond the terms of his contract.

[3] The manifest intention of the parties to the bond was to guaranty the faithful execution and completion of the service and obligations assumed by Maese in the contract of August 20, 1917. This is shown upon the face of the bond as well as by the seventh section of the subcontract. A copy of the subcontract being attached to the bond and reference thereto made,. it may properly be considered in ascertaining the intention of the parties and in determining the liability assumed by the sureties. Of course, Maese is legally bound to repay to appellants the overpayments which they have made to him; but there is no express provision therefor in the subcontract or the bond. His obligation to make such repayment thus arises upon an implied contract. Since Maese has performed the service which he undertook to perform and has discharged every obligation which he expressly assumed, we are of the opinion that the condition of the bond was thereby fulfilled and the liability of the sureties ceased. To hold the sureties liable upon the present demand would impose a liability which neither they nor Maese had expressly assumed. It would impose a suretyship liability upon an implied and collateral contract of the principal, Maese. It would by implication extend their liability beyond the terms of their contract. This is not permissible. The proper judgment was rendered.

Affirmed.